1  Matthew R. Bainer, Esq. (S.B. #220972)
   Molly A. DeSario, Esq. (S.B. #230763)
2  Courtland W. Creekmore, Esq. (S.B. #182018)
   **SCOTT COLE & ASSOCIATES, APC**
3  1970 Broadway, Ninth Floor
   Oakland, California 94612
4  Telephone: (510) 891-9800
   Facsimile:  (510) 891-7030
5  Email:  mbainer@scalaw.com
   Email:  mdesario@scalaw.com
6  Email:  ccreekmore@scalaw.com
   Web:    www.scalaw.com
7

8  Attorneys for Representative Plaintiffs
   and the Plaintiff Classes
9

10                    **UNITED STATES DISTRICT COURT**

11                   **NORTHERN DISTRICT OF CALIFORNIA**

12

13  MARY GARRISON and GRACE          )   Case No.
    GARRISON, individually, and on   )
14  behalf of all others similarly situated, )
                                     )   **CLASS ACTION**
15              Plaintiffs,          )
                                     )   **COMPLAINT FOR DAMAGES,**
16  vs.                              )   **INJUNCTIVE RELIEF AND RESTITUTION**
                                     )
17  WHOLE FOODS MARKET               )
    CALIFORNIA, INC., MRS.           )
18  GOOCH'S NATURAL FOODS            )
    MARKET, INC., WHOLE FOODS        )   **[Jury Trial Demanded]**
19  MARKET ROCKY                     )
    MOUNTAIN/SOUTHWEST, L.P.,        )
20  and WHOLE FOODS MARKET           )
    PACIFIC NORTHWEST, INC.          )
21                                   )
                Defendants.          )
22  _____ )

23

24  Representative Plaintiffs allege as follows:

25

26                       **INTRODUCTION**

27        1.      This is a class action brought by Representative Plaintiffs for themselves and on

28  behalf of a national class of consumers who have purchased certain food products from Whole

*(Left margin, vertical text:)* SCOTT COLE & ASSOCIATES, APC / ATTORNEYS AT LAW / THE WACHOVIA TOWER / 1970 BROADWAY, NINTH FLOOR / OAKLAND, CA 94612 / TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1  Foods stores that were falsely and misleadingly labeled as "All Natural," but which, in fact,

2  contained synthetic ingredients.

3        2.     Representative Plaintiffs, on behalf of themselves and persons who purchased these

4  products from one of Defendants' United States locations at any time during the applicable

5  limitations period (hereinafter referred to as the "Class Members" and/or, dependent on the claim for

6  relief, one or both of the "Classes") seek damages, interest thereon, reasonable attorneys' fees and

7  costs, injunctive, restitution, other equitable relief, and disgorgement of all benefits Whole Foods has

8  enjoyed from its unlawful and/or deceptive business practices, as detailed herein.

9        3.     Representative Plaintiffs assert that Defendants, all Whole Foods related entities,

10  (hereinafter referred to collectively as "Whole Foods" and/or "Defendants") knowingly engaged in

11  the unfair, unlawful, deceptive, and fraudulent practice of describing and falsely advertising certain

12  products as "All Natural" when, in fact, they contain the synthetic chemical ingredient Sodium Acid

13  Pyrophosphate, among other synthetic ingredients (e.g., Maltodextrin). Those products labeled as

14  "All Natural" but which contain Sodium Acid Pyrophosphate (also known as Disodium dihydrogen

15  pyrophosphate), for purposes of this Complaint, are collectively referred to as the "'All Natural'

16  Products" or, simply, the "Products." Those Products are listed and/or otherwise depicted in

17  Attachment "A" hereto, and are[1]:

18        •  All Natural Banana Bran Mini Muffins

      •  All Natural Blueberry Mini Muffins

19        •  All Natural Coffee Cake Mini Muffins

20        •  All Natural Chocolate Chip Soft Baked Cookies

      •  All Natural Oatmeal Raisin Soft Baked Cookies

21        •  All Natural Snickerdoodle Soft Baked Cookies

22        4.     Defendants' advertising/labeling of these Products as "All Natural" is false,

23  dishonest, and intended to induce consumers to purchase these Products, at a premium price, while

24  ultimately failing to meet consumer expectations. Whole Foods knows reasonable consumers must

25  and do rely on Defendants to honestly report the nature of their Products' ingredients, insofar as

26

27

28      [1] All Products complained of herein are non-gluten free. A separate action has been filed in this judicial district against different defendants concerning similar acts and practices with regard to gluten-free products sold in Whole Foods stores.

1  consumers lack the ability to test or independently ascertain the accuracy of a food product's

2  label, especially at the point of sale. Indeed, in this instance, Defendants played on consumer

3  ignorance to fraudulently generate substantial profits and engender unfair competition between itself

4  and competitor companies that, unlike Whole Foods, behave responsibly and honestly toward their

5  customers.

6        5.      Representative Plaintiffs bring this action both on their own behalf and on behalf of

7  the Classes they seek to represent to redress Defendants' deceptive, misleading, and untrue

8  advertising and unlawful, unfair, and fraudulent business acts and practices related to the

9  manufacture, marketing, advertising, sale, and/or distribution of the "All Natural" Products listed

10  above.

11

12                      **JURISDICTION AND VENUE**

13        6.      Jurisdiction is proper in this Court under 28 U.S.C. § 1332 (diversity jurisdiction)

14  and/or 28 U.S.C. § 1331 (controversy arising under United States law). Supplemental jurisdiction to

15  adjudicate issues pertaining to state law is proper in this Court under 28 U.S.C. § 1367.

16        7.      Venue is proper in this Court under 28 U.S.C. § 1391 because the events that give rise

17  to Representative Plaintiffs' claims took place within the Northern District of California and because

18  Whole Foods markets, sells, and distributes its Products in this Judicial District.

19

20                      **PLAINTIFFS**

21        8.      Mary Garrison is an adult individual and resident of San Francisco, California. Grace

22  Garrison is also an adult individual and resident of San Francisco, California.  Collectively, they are

23  referred to in this Complaint as the "Representative Plaintiffs."

24        9.      During the relevant time period, Representative Plaintiffs purchased and consumed

25  one or more of Defendants' Products.

26        10.     The Representative Plaintiffs are and, throughout the entire class period asserted

27  herein, have been very concerned about and try to avoid consuming foods that are not natural, such

28  as foods using synthetic or artificial chemical ingredients. For this reason, the Representative

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Complaint for Damages, Injunctive Relief and Restitution

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

Plaintiffs are willing to and have paid a premium for foods that are "All Natural" and have refrained from buying their counterparts that were not "All Natural." Based on the "All Natural" representation on Defendants' Product labels, Representative Plaintiffs and members of both Classes reasonably believed the Products they purchased were "All Natural" and relied on this representation in making the purchases thereof.

11.     Specifically, in the past several years, Representative Plaintiff Mary Garrison purchased items such as Whole Foods' All Natural Blueberry Mini Muffins and All Natural Snickerdoodle Soft Baked Cookies for herself on multiple occasions from Whole Foods' grocery stores located in San Francisco, California after reading and relying on the truthfulness of its labels' promise that these Products were "All Natural." Representative Plaintiff Mary Garrison saw and relied on these representations each time she purchased the Products. These representations were one of the reasons for Representative Plaintiff Mary Garrison's purchase and she consistently relied on their truthfulness in making these purchases.

12.     Specifically, in the past several years, Representative Plaintiff Grace Garrison purchased items such as Whole Foods' All Natural Oatmeal Raisin Soft Baked Cookies and All Natural Coffee Cake Mini Muffins for herself on multiple occasions from Whole Foods' grocery stores located in San Rafael, California and Novato, California after reading and relying on the truthfulness of its label's promise that these Products were "All Natural." Representative Plaintiff Grace Garrison saw and relied on these representations each time she purchased the Products. These representations were one of the reasons for Representative Plaintiff Grace Garrison's purchase and she consistently relied on their truthfulness in making these purchases.

13.     Representative Plaintiffs not only purchased the Products because the labels said they were "All Natural," but they paid more money for the Products than they would have had to pay for other similar products that were not "All Natural" (i.e. products that admittedly contained man-made, synthetic ingredients).

14.     Had Representative Plaintiffs known the truth that Defendants' Products were not "All Natural," they would not have purchased the Products but would have purchased other brands of food products that were truly "All Natural" or, if such alternatives were not available, would have

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  purchased other non-natural food products that were less expensive than Whole Foods' "All Natural"

2  Products.

3     15.  Representative Plaintiffs are "consumers" and "real parties in interest," as required to

4  bring this action, and as set out in California Civil Code § 1780(a). Moreover, Representative

5  Plaintiffs suffered damages and injury as a result of Defendants' conduct, as alleged herein.

6     16.  As used throughout this Complaint, the term "Class Members" and/or one or both of

7  the "Classes" refers to the Representative Plaintiffs as well as each and every person eligible for

8  membership in one or more of the Classes of persons, as further described and defined herein.

9     17.  At all times herein relevant, Representative Plaintiffs were and are persons within

10  both Classes of persons, as further described and defined herein.

11     18.  Representative Plaintiffs bring this action on behalf of themselves and as a class

12  action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all persons similarly

13  situated and proximately damaged by the unlawful conduct described herein.

14

15              **DEFENDANTS**

16     19.  At all times herein relevant, Defendant Whole Foods Market California, Inc. ("WFM

17  California") is and has been a Texas Corporation with its principal executive offices located in

18  Austin, Texas. Upon information and belief, Representative Plaintiffs allege that this Defendant

19  advertises, markets, sells, and distributes the "All Natural" Products throughout California,

20  including this judicial district.

21     20.  At all times herein relevant, Defendant Mrs. Gooch's Natural Food Market, Inc.

22  ("Mrs. Gooch's") is and has been a Texas Corporation with its principal executive offices located in

23  Austin, Texas. Upon information and belief, Representative Plaintiffs allege that this Defendant

24  advertises, markets, sells, and distributes the "All Natural" Products throughout California.

25     21.  At all times herein relevant, Defendant Whole Foods Market Pacific Northwest, Inc.

26  ("WFM Pacific NW") is and has been a Delaware corporation with executive offices in Bellevue,

27  Washington and Austin, Texas. Upon information and belief, Representative Plaintiffs allege that

28  ///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1  this Defendant advertises, markets, sells, and distributes the "All Natural" Products in Oregon and

2  Washington.

3      22.    At all times herein relevant, Defendant Whole Foods Market Rocky

4  Mountain/Southwest, L.P. ("WFM Rocky Mountain") is and was a Texas limited partnership with its

5  principal executive offices in Austin, Texas. Upon information and belief, Representative Plaintiffs

6  allege that this Defendant advertises, markets, sells, and distributes the "All Natural" Products in

7  Colorado, Kansas, New Mexico, and Utah.

8

9                                **CLASS ACTION ALLEGATIONS**

10      23.    Representative Plaintiffs bring this action on behalf of themselves and as a class

11  action on behalf of the following Classes:

12      The "California Class":

13  All residents of California who, on or after January 22, 2010, purchased non-gluten free Whole Foods' food products that were labeled "All Natural," yet contained Sodium Acid

14  Pyrophosphate (aka, Disodium dihydrogen pyrophosphate).

15      The "Western Pacific Class":

16  All residents of Oregon, Washington, Colorado, Kansas, New Mexico, and Utah who, on or after January 22, 2010, purchased non-gluten free Whole Foods' food products that

17  were labeled "All Natural," yet contained Sodium Acid Pyrophosphate (aka, Disodium dihydrogen pyrophosphate).

18      24.    Defendants and their officers and directors are excluded from each of the Classes.

19      25.    This action has been brought and may properly be maintained as a class action under

20  Federal Rule of Civil Procedure Rule 23 because there is a well-defined community of interest in the

21  litigation and membership in the proposed classes is easily ascertainable:

22      a.    Numerosity: A class action is the only available method for the fair and

23  efficient adjudication of this controversy. The members of each of the Classes are so numerous that joinder of all members is impractical, if not

24  impossible, insofar as the Representative Plaintiffs are informed and believe and, on that basis, allege that the total number of Class Members in either Class is in the tens of thousands of individuals. Membership in the Classes

25  will be determined by analysis of point of sale, electronic-mail and/or other transactional information, among other records maintained by Whole Foods

26  and/or entities affiliated therewith.

27      b.    Commonality: The Representative Plaintiffs and the members of both Classes share a community of interests in that there are numerous common questions

28  and issues of fact and law which predominate over questions and issues solely affecting individual members, including, but not necessarily limited to:

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1)     Whether Whole Foods' advertising of the Products was false, deceptive, and/or misleading;

2)     Whether Whole Foods knew or should have known that representing the Products as being "All Natural" was false advertising thereof;

3)     Whether Whole Foods intentionally or negligently misrepresented, concealed or omitted a material fact regarding the true characteristics of the Products;

4)     Whether Whole Foods violated California Business and Professions Code § 17500, *et seq.* by engaging in misleading and/or deceptive advertising;

5)     Whether Whole Foods violated California Civil Code §§ 1750 and/or 1770, *et seq.* by representing that their food Products had/have characteristics, uses and/or benefits which they do/did not have, and/or representing that these Products were and are of a particular standard, quality or grade, when they were not;

6)     Whether Whole Foods violated California Business and Professions Code § 17200, *et seq.* by engaging in unfair, unlawful and/or fraudulent business practices;

7)     Whether Whole Foods' misrepresentations, concealment, and/or failures to disclose material fact(s) regarding the "All Natural" characteristics of the Products is a breach of contract;

8)     Whether injunctive, corrective, and/or declaratory relief is appropriate;

9)     Whether Whole Foods' conduct rises to the level sufficient to warrant an award of punitive damages.

c.     <u>Typicality</u>: The Representative Plaintiffs' claims are typical of the claims of the members of each of the Classes. Representative Plaintiffs and all members of each of the Classes sustained damages arising out of and caused by Defendants' common course of conduct in violation of law, as alleged herein.

d.     <u>Adequacy of Representation</u>: The Representative Plaintiffs in this class action are adequate representatives of each of the Classes in that the Representative Plaintiffs have the same interest in the litigation of this case as the members of both Classes, are committed to vigorous prosecution of this case and have retained competent counsel who is experienced in prosecuting litigation of this nature. The Representative Plaintiffs are not subject to any individual defenses unique from those conceivably applicable to other Class Members or the Classes in their entirety. The Representative Plaintiffs anticipate no management difficulties in this litigation.

e.     <u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

impractical for members of each of the Classes to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought, by each individual member of each of the Classes, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

26. This action is also certifiable under the provisions of Federal Rule of Civil Procedure 23(b)(l) and/or 23(b)(2).

27. Representative Plaintiffs reserve the right to establish sub-classes as appropriate, and to amend the class definitions if discovery and further investigation reveal that the definitions should be expanded or otherwise modified.

## COMMON FACTUAL ALLEGATIONS

28. Through broad-based marketing efforts, Whole Foods Defendants promotes themselves as carrying "natural and organic products because we believe that food in its purest state — unadulterated by artificial flavors, sweeteners, colorings and preservatives — is the best tasting and most nutritious food available." *See, e.g.,* affirmations of Whole Foods' quality control standards at http://www.wholefoodsmarket.com/mission-values, and representation of being "America's Healthiest Grocery Store" at http://www.wholefoodsmarket.com/company-info.

29. Moreover, Whole Foods' 2012 Annual Report claims that it is "the world's leading retailer of natural and organic foods," selling goods in roughly 322 stores across the United States (roughly 70 of those stores being located in California). *See* http://www.wholefoodsmarket.com/sites/default/files/media/Global/Company%20Info/PDFs/2012-WFM_Annual_Report.pdf.

30. Defendants further promote their environmentally friendly, socially conscious, and "All Natural" image through their association with and support of non-profit organizations and programs such as TransFair USA, the Marine Stewardship Council, and the Rainforest Alliance.

31. Throughout the class period, Whole Foods Defendants engaged in the unfair, unlawful, deceptive, and fraudulent practice of describing and falsely advertising the Products listed

heretofore in this Complaint as "All Natural" when, in fact, they contain the synthetic chemical ingredient identified below. Specifically, these Products contain, or contained at the time Representative Plaintiffs purchased them, non-natural, highly processed ingredients such as Sodium Acid Pyrophosphate.

## THE PRODUCTS' SYNTHETIC INGREDIENT

32.    Sodium Acid Pyrophosphate (hereinafter referred to as "SAPP"), an odorless white powder, also referred to as Disodium dihydrogen pyrophosphate and/or Disodium pyrophosphate, has various applications—from its use in leather treatment to remove iron stains on hides during processing, to stabilizing hydrogen peroxide solutions against reduction, to facilitating hair removal in hog slaughter, to feather removal from birds in poultry slaughter, to use in petroleum production.

33.    Defendants use SAPP and, at times, other non-natural ingredients in its food Products that they sell to consumers, and label the resultant Products "All Natural." Not only is SAPP a synthetic compound, but there are warnings that excessive use can lead to imbalanced levels of minerals in the body and bone loss.

34.    The Products at issue herein are labeled "All Natural," yet contain the non-natural ingredient listed above.

## DEFENDANTS' STRATEGY TO APPEAL TO HEALTH-CONSCIOUS CONSUMERS

35.    Defendants engaged in this fraudulent advertising and marketing scheme because they knew that the target market values and will pay more for "All Natural" food products than for conventional food products, due to the association consumers make between "All Natural" food products and a wholesome way of life, the perceived higher quality, health and safety benefits of the products, and/or low impact on the environment.

36.    As such, Whole Foods' "All Natural" labeling is central to their marketing of the Products and part of its overall strategy to capture the rapidly expanding natural foods market. As a result, Whole Foods Defendants command a premium price for the Products, using "All Natural" claims to distinguish them from competitors' food products.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

37.     As Whole Foods Defendants undoubtedly know, many American consumers are health-conscious and seek out wholesome, natural foods to keep a healthy diet. Because of this, consumers routinely take nutrition information into consideration in selecting and purchasing food items.

38.     Consumers also value "All Natural" ingredients for myriad other reasons, including perceived benefits of avoiding disease, helping the environment, assisting local farmers, assisting factory workers who would otherwise be exposed to synthetic and hazardous substances, and financially supporting the companies that share these values.

39.     Product package labels, including nutrition labels, are vehicles that convey nutrition information to consumers which they can and do use to make purchasing decisions. As noted by Food and Drug Administration ("FDA") Commissioner Margaret Hamburg during an October 2009 media briefing, "[s]tudies show that consumers trust and believe the nutrition facts information and that many consumers use it to help them build a healthy diet."

40.     The prevalence of claims about nutritional content on food packaging in the United States has increased in recent years as manufacturers have sought to provide consumers with nutrition information and thereby influence their purchasing decisions. The results of a recent FDA Food Label and Package Survey found that approximately 4.8 percent of food products sold in the United States had either a health claim or a qualified health claim on the food package, and that more than half (53.2%) of the food products reviewed had nutrient content claims on the packaging.

41.     Consumers attribute a wide range of benefits to foods made entirely of natural ingredients. Consumers perceive "All Natural" foods to be of higher quality, healthier, safer to eat, and less damaging to the environment.

42.     Catering to consumers' taste for natural foods is tremendously advantageous for businesses. In 2008, foods labeled with the word "natural" produced $22.3 billion in sales, a 10% increase from 2007, and a 37% increase from 2004. In 2009, sales jumped again by 4%.

43.     It was in an effort to capture the growing demand and to entice consumers to purchase its Products that Whole Foods Defendants committed the unlawful acts detailed in this Complaint.

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

44.     Consumers lack the ability to test or independently ascertain the accuracy of a food product label, especially at the point of sale. Reasonable consumers must and do rely on the company to honestly report the nature of a food product's ingredients.

45.     Moreover, not having the specialized food chemistry and regulatory knowledge necessary to make independent determinations thereof, a reasonable consumer would interpret the fine print ingredient label in a way to be consistent with the front label representation.

46.     Food product companies intend for consumers to rely upon their products' labels, and reasonable consumers do, in fact, so rely. Those labels are the only available source of information consumers can use to make decisions on whether to buy "All Natural" food products.

47.     As a result of its false and misleading labeling, Defendants were able to sell their Products to thousands, if not hundreds of thousands of consumers, throughout California and the Pacific and Western United States, and to profit handsomely from these transactions.

## DEFINITION OF "ALL-NATURAL"

48.     Representing that a food product or ingredient is "All Natural" is a statement of fact, and this term has been defined by the federal governmental agencies that regulate food companies such as Whole Foods Defendants.

49.     Specifically, the FDA has established a policy and defined the outer boundaries of the use of the term "natural." According to this agency, at the very least, a product is not "natural" if it contains color, artificial flavors, or synthetic substances. *See* www.fda.gov/downloads/ForConsumers/ConsumerUpdates/UCM199361.pdf.

50.     Pursuant to 7 C.F.R. § 205.2, an ingredient is synthetic if it is:

> [a] substance that is formulated or manufactured by a chemical process or by a process that chemically changes a substance extracted from naturally occurring plant, animal, or mineral sources, except that such term shall not apply to substances created by naturally occurring biological processes.

51.     Similarly, the USDA's Food Safety and Inspection Service ("FSIS") defines a "natural" product as a product that does not contain any artificial or synthetic ingredient and does not contain any ingredient that is more than "minimally processed":

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

> Minimal processing may include: (a) those traditional processes used to make food edible or to preserve it or to make it safe for human consumption, e.g., smoking, roasting, freezing, drying, and fermenting, or (b) those physical processes which do not fundamentally alter the raw product and/or which only separate a whole, intact food into component parts, e.g., grinding meat, separating eggs into albumen and yolk, and pressing fruits to produce juices.
>
> Relatively severe processes, e.g., solvent extraction, acid hydrolysis, and chemical bleaching would clearly be considered more than minimal processing. . . .

*See* USDA FSIS, Food Standards and Labeling Policy Book, available at www.fsis.usda.gov/OPPDE/larc/Policies/Labeling_Policy_Book_082005.pdf.

52. A reasonable consumer's understanding of the term "natural" comports with these federal definitions.

53. A reasonable consumer would also expect that Defendants' Products are what Defendants identify them to be on labels (i.e. that they are "All Natural").

## DEFENDANTS' MISREPRESENTATIONS

54. Throughout the class period, Whole Foods Defendants prominently included the term "All Natural" on the labels of the Products at issue here, thereby cultivating a wholesome, healthful, and socially conscious image in an effort to promote the sale of these Products even though they were not "All Natural."

55. Defendants made these false, misleading, and deceptive representations by labeling them in the manner detailed in the paragraphs below and as shown in Attachment "A" hereto. From an advertising "best practices" perspective, Defendants make maximum use of the available space on the Product packaging to announce the Products' "All Natural" character.

56. On each of the labels of the non-gluten free "All Natural" Products listed above, the phrase "All Natural" appears immediately beneath the Whole Foods Market logo, and immediately above the identification of the product (i.e. Oatmeal Raisin Soft Baked Cookies). The phrase "All Natural" appears again in the middle of the label immediately above another identification of the product. The phrase "Whole Foods Market Natural Goodies" appears at the very bottom of the label.

1    The labels are affixed to the Products in such a way so that the phrase "All Natural" appears on the
2    top, front and bottom of the Products. *See* Attachment "A" hereto.

3

4                    **DEFENDANTS' KNOWLEDGE OF THE FALSITY OF THEIR ADVERTISING**

5          57.     Defendants knew what representations they made regarding the Products, insofar as
6    all of those representations appeared on the Products' packages.

7          58.     Defendants also knew what ingredients were added to each Product, as (presumably)
8    all Product ingredients are listed on the Product packages.

9          59.     Defendants are governed by and knew the federal regulations that control the labeling
10   of their food Products and, thus, were aware that some of the ingredients have been federally
11   declared to be synthetic substances and/or require extensive processing to be safely used as a food
12   ingredient. Defendants have retained expert nutritionists, food chemists, and other scientists, and
13   have spent much time and money in developing their own food technologies, such that it was aware
14   that the synthetic substances used in their Products are not natural.

15         60.     As such, Defendants knew all the facts demonstrating that their Products contain
16   synthetic substances and that the Products were falsely labeled.

17         61.     The misrepresentations and omissions were uniform and were communicated to
18   Representative Plaintiffs and to each member of each Class at every point of purchase and
19   consumption.

20         62.     Since Representative Plaintiffs and the members of the Classes are not at fault for
21   failing to discover Defendants' wrongs before now and, thus, had no actual or presumptive
22   knowledge of facts sufficient to put them on inquiry, and since, to this day, Defendants have
23   concealed and suppressed the true characteristics of their Products, Defendants' continuing
24   concealment tolls the applicable statute of limitations.

25

26                    **RELIANCE OF DEFENDANTS' FALSE REPRESENTATIONS**

27         63.     Consumers frequently rely on food label representations and information in making
28   purchase decisions.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

64.     Each time Representative Plaintiffs and the Class Members purchased the "All Natural" Products, Representative Plaintiffs and the Class Members saw the Products' packages and, thus, also saw the false, misleading, and deceptive representations detailed above, yet did not receive disclosure of the facts concealed as detailed above.

65.     Representative Plaintiffs and the Class Members were among the intended recipients of Defendants' deceptive representations and omissions.

66.     Representative Plaintiffs and the Class Members reasonably relied to their detriment on Defendants' misleading representations and omissions.

67.     Defendants' false, misleading, and deceptive misrepresentations and omissions were intended to deceive and mislead, and are likely to continue to deceive and mislead Representative Plaintiffs, Class Members, reasonable consumers, and the general public.

68.     Defendants' deceptive representations and omissions are material in that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchase decisions. As such, Representative Plaintiffs' and Class Members' reliance upon such representations and omissions may be presumed as a matter of law. The materiality of those representations and omissions also establishes causation between Defendants' conduct and the injuries sustained by Representative Plaintiffs and members of both Classes.

69.     As a direct and proximate result of Defendants' unfair and wrongful conduct, as set forth herein, Representative Plaintiffs and Class Members (1) were misled into purchasing the Products, (2) received a product that failed to meet Defendants' promises and reasonable expectations, (3) paid a sum (indeed, a premium sum) of money for a product that was not as represented and, thus, were deprived of the benefit of the bargain because the purchased Products had less value than what was represented by Defendants, (4) ingested a substance that was other than what was represented by Defendants and that Representative Plaintiffs and Class Members did not expect or give informed consent to, (5) ingested a product that did not bring the health benefits Defendants promised and may, in fact, be produced using a substance that is generally harmful to health, and, *inter alia*, (6) were forced to unwittingly support a company that contributes to

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

environmental, ecological, or health damage, and were denied the benefit of supporting a company that sells "All Natural" foods and contributes to environmental sustainability and better health.

70.     Defendants, at all times, knew that Representative Plaintiffs and Class Members would consider the Products' allegedly "All Natural" characteristics to be material in their decision to purchase them and would rely upon the misrepresentations and/or omissions of Defendants. Defendants' concealment, misbranding, and non-disclosure were intended to influence consumers' purchasing decisions and were done with reckless disregard for the rights of consumers. Representative Plaintiffs' and Class Members' reliance and resultant substantial monetary loss were reasonably foreseeable by Defendants.

71.     This action is brought to redress and end Whole Foods Defendants' pattern of unfair and wrongful conduct. Indeed, without an award of damages and injunctive relief by this Court, Defendants are likely to continue to injure consumers and harm the public interest.

72.     In fact, as of the date of filing this Complaint, Whole Foods retail stores in the Western and Pacific United States and California are still selling the Products at issue and labeling them "All Natural." Even if, during the pendency of this litigation, Defendants elected to remove the "All Natural" labeling from the Products, Defendants are not presently enjoined from putting the "All Natural" representation back on their labels at any time they so decide. Accordingly, Representative Plaintiffs seek declaratory and injunctive relief to ensure Whole Foods Defendants have, in fact, removed any and all of the "All Natural" representations from labels on the Products still available for purchase, and to prevent Defendants from making the "All Natural" representation on the Product labels in the future as long as these Products continue to contain synthetic ingredients.

**FIRST CLAIM FOR RELIEF**
**Deceptive Advertising Practices**
**(California Business & Professions Code §§ 17500, *et seq.*)**
**(*for the California Class Only*)**

73.     The Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

74. California Business & Professions Code § 17500 prohibits "unfair, deceptive, untrue or misleading advertising."

75. Defendants violated California Business & Professions Code § 17500 when they represented, through false and misleading advertising, and other express representations, that Whole Foods' "All Natural" Products possessed characteristics and a value that they did not actually have.

76. Defendants' deceptive practices were specifically designed to induce Representative Plaintiffs and members of the California Class to purchase the Products. Defendants engaged in broad-based marketing efforts to reach Representative Plaintiffs and California Class Members and to induce them to purchase these Products. Defendants were successful in masking their dishonesty insofar as it did induce Representative Plaintiffs and members of the California Class to unwittingly purchase the Products.

77. Representative Plaintiffs and members of the California Class would not have purchased and consumed the Products had it not been for Defendants' misrepresentations of material facts. Representative Plaintiffs and members of the California Class were denied the benefit of the bargain when they decided to purchase the Products over competitor products (which are less expensive, actually contain "All Natural" ingredients, and/or do not unlawfully claim to be "All Natural"). Had Representative Plaintiffs and members of the California Class been aware of these false and misleading advertising tactics, they would have paid less than what they did pay for these Products, or they would not have purchased the Products at all.

78. The above acts of Defendants, in disseminating said misleading and deceptive representations and statements throughout the State of California to consumers, including Representative Plaintiffs and members of the California Class, were and are likely to deceive reasonable consumers by obfuscating the nature of the ingredients of the "All Natural" Products, all in violation of California Business and Professions Code § 17500, *et seq.*

79. In making and disseminating the statements alleged herein, Defendants knew or should have known that the statements were untrue or misleading, and acted in violation of California Business & Professions Code § 17500, *et seq.*

///

80.     To this day, Defendants continue to engage in unlawful, unfair and deceptive practices in violation of California Business & Professions Code § 17500. Specifically, Defendants continue to use advertising on packaging that is deceptive to induce consumers to purchase the "All Natural" Products.

81.     As a direct and proximate result of Defendants' unlawful conduct in violation of California Business & Professions Code § 17500, Representative Plaintiffs and members of the California Class, pursuant to California Business and Professions Code § 17535, are entitled to an Order of this Court enjoining such future wrongful conduct on the part of Defendants, and requiring Defendants to fully disclose the true nature of their misrepresentations.

82.     Additionally, Representative Plaintiffs and members of the California Class request an Order requiring Defendants to disgorge their ill-gotten gains and/or award full restitution of all monies wrongfully acquired by Defendants by means of such acts of false advertising, plus interest and attorneys' fees.

## SECOND CLAIM FOR RELIEF
### Consumers Legal Remedies Act
### (California Civil Code § 1750, *et seq.*)
### (*for the California Class Only*)

83.     Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

84.     Representative Plaintiffs bring this action pursuant to California's Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750, *et seq.*

85.     The CLRA provides that "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful." California Civil Code § 1770(a).

86.     The "All Natural" Products are "goods," as defined by the CLRA in California Civil Code § 1761(a).

87.     Defendants are "persons," as defined by the CLRA in California Civil Code § 1761(c).

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

88.     Representative Plaintiffs and members of the California Class are "consumers," as defined by the CLRA in California Civil Code § 1761(d).

89.     Purchases of the "All Natural" Products by Representative Plaintiffs and members of the California Class are "transactions," as defined by California Civil Code § 1761(e).

90.     Defendants engaged in unfair and deceptive acts declared unlawful by the CLRA by knowingly and intentionally mislabeling the Products as "All Natural" when, in fact, these Products contain artificial man-made ingredients (i.e. that do not occur in nature).

91.     Defendants represented that their food Products had and has characteristics, uses and/or benefits which they did and do not have, and represented that these Products were and are of a particular standard, quality, and/or grade, when they were, in fact, of another standard, quality, and/or grade, constituted and continues to constitute an unfair or deceptive trade practice under the provisions of California Civil Code §§ 1770(a)(5) and 1770(a)(7).

92.     Defendants violated the CRLA by representing and advertising that these Products, as discussed above, were "All Natural." Defendants knew, however, that this was not the case and that, in reality, these Products contained one or more synthetic chemical ingredients.

93.     Representative Plaintiffs and members of the California Class reasonably and justifiably relied on Defendants' misrepresentations in purchasing these misbranded Products. They would not have initially bought, purchased more of these Products than they would otherwise have bought, or pay more for these Products than they would have if these Products had been honestly advertised and labeled.

94.     Representative Plaintiffs and members of California Class were unaware of the existence of facts that Defendants suppressed and failed to disclose and, had the facts been known, would not have purchased the Products and/or purchased them at the prices at which they were offered.

95.     Representative Plaintiffs and the members of the California Class have been directly and proximately injured by Defendants' conduct. Such injury may, but does not necessarily include and is not limited to, the purchase of the Products and/or the purchase of the Products at the prices at which they were offered.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

96.     Insofar as Defendants' conduct constituted as unlawful behavior pursuant to California Civil Code § 1770(a)(5), Representative Plaintiffs and members of the California Class are entitled to (pursuant to California Civil Code § 1780, *et seq.*) and do seek injunctive relief to end Defendants' violations of the California Consumers Legal Remedies Act.

97.     Moreover, Defendants' conduct is malicious, fraudulent, and wanton. Defendants intentionally mislead and withhold material information from consumers to increase its sale of the Products.

98.     Pursuant to California Civil Code § 1782(a), Representative Plaintiffs on their own behalf, and on behalf of members of the California Class, have notified Whole Foods of the alleged violations of the Consumer Legal Remedies Act. If, after 30 days from the date of the notification letter, Whole Foods has failed to provide appropriate relief for the violations, Representative Plaintiffs will amend this Complaint to seek compensatory, monetary, and punitive damages, in addition to equitable and injunctive relief, and will further request that this Court enter such Orders or judgments as may be necessary to restore to any person in interest any money which may have been acquired by means of such unfair business practices, and for such other relief as provided in California Civil Code § 1780 and the Prayer for Relief.

### THIRD CLAIM FOR RELIEF
**Common Law Fraud**
***(for the California and Western Pacific Classes)***

99.     Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

100.     Defendants willfully, falsely, and knowingly misrepresented material facts relating to the character and quality of the Products. These misrepresentations are contained in various media advertising and packaging disseminated or caused to be disseminated by Defendants, and such misrepresentations were reiterated and disseminated by officers, agents, representatives, servants, or employees of Defendants, acting within the scope of their authority, and employed by Defendants to merchandise and market the Products.

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

101.    Defendants' misrepresentations were the type of misrepresentations that are material (i.e. the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions).

102.    Defendants knew that the misrepresentations alleged herein were false at the time it made them and/or acted recklessly in making such misrepresentations.

103.    Defendants intended that Representative Plaintiffs and members of both Classes rely on the misrepresentations alleged herein and purchase the Products.

104.    Representative Plaintiffs and members of both Classes reasonably and justifiably relied on Defendants' misrepresentations when purchasing the Products, were unaware of the existence of facts that Defendants suppressed and failed to disclose, and, had the facts been known, would not have purchased the Products and/or purchased them at the prices at which they were offered.

105.    As a direct and proximate result of Defendants' wrongful conduct, Representative Plaintiffs and members of both Classes have suffered and continue to suffer economic losses and other general and specific damages, including, but not necessarily limited to, the monies paid to Defendants, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

106.    Moreover, in that, at all times herein mentioned, Defendants intended to cause or acted with reckless disregard of the probability of causing damage to Representative Plaintiffs and members of both Classes, and because Defendants were guilty of oppressive, fraudulent and/or malicious conduct, Representative Plaintiffs and members of both Classes are entitled to an award of exemplary or punitive damages against Defendants in an amount adequate to deter such conduct in the future.

**FOURTH CLAIM FOR RELIEF**
**Negligent Misrepresentation**
***(for the California and Western Pacific Classes)***

107.    Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

108.   Defendants, directly or through its agents and employees, made false representations to Representative Plaintiffs and members of both Classes.

109.   Defendants owed a duty to Representative Plaintiffs and members of both Classes to disclose the material facts set forth above about the Products.

110.   In making the representations, and in doing the acts alleged above, Defendants acted without any reasonable grounds for believing the representations were true, and intended by said representations to induce the reliance of Representative Plaintiffs and members of both Classes.

111.   Representative Plaintiffs and members of both Classes reasonably and justifiably relied on Defendants' misrepresentations when purchasing the "All Natural" Products, were unaware of the existence of facts that Defendants suppressed and failed to disclose and, had the facts been known, would not have purchased the Products and/or purchased them at the price at which they were offered.

112.   As a direct and proximate result of these misrepresentations, Representative Plaintiffs and members of both Classes have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to the amounts paid for the "All Natural" Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

### FIFTH CLAIM FOR RELIEF
**Breach of Express Warranty**
***(for the California Class Only)***

113.   Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

114.   By advertising and selling the Products at issue here as "All Natural," Defendants made promises and affirmations of fact on these Products' packaging, and through their marketing and advertising, as described above. This marketing and advertising constitutes express warranties and became part of the basis of the bargain between Representative Plaintiffs and members of the California Class, on the one hand, and Defendants, on the other.

///

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

115.    Defendants purport, through advertising, to create express warranties of the Products at issue here as "All Natural" by making the affirmation of fact, and promising that these Products were and are "All Natural."

116.    Despite express warranties about the "All Natural" character of these Products, the "All Natural" Products contain one or more synthetic chemical ingredients, as discussed above.

117.    Defendants breached express warranties about these Products and their qualities because these Products do not conform to Defendants' affirmations and promises to be "All Natural."

118.    As a result of Defendants' breach of express warranty, Representative Plaintiffs and members of the California Class were harmed in the amount of the purchase price they paid for these Products. Moreover, Representative Plaintiffs and members of both Classes have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to the amounts paid for the "All Natural" Products and any interest that would have accrued on those monies, all in an amount to be proven at trial.

### SIXTH CLAIM FOR RELIEF
**Breach of Contract**
***(for the California and Western Pacific Classes)***

119.    Representative Plaintiffs incorporate in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

120.    Representative Plaintiffs and members of both Classes had a valid contract, supported by sufficient consideration, pursuant to which Defendants were obligated to provide food products which were, in fact, "All Natural," as represented by Defendants. *See* labels of Products in Attachment "A," hereto.

121.    Defendants materially breached their contract with Representative Plaintiffs and members of both Classes by providing the Products which were not "All Natural."

122.    As a result of Defendants' breaches, Representative Plaintiffs and members of both Classes were damaged in that they received a product with less value than the amount paid. Moreover, Representative Plaintiffs and members of both Classes have suffered and continue to

1  suffer economic losses and other general and specific damages, including but not limited to the

2  amounts paid for the "All Natural" Products and any interest that would have accrued on those

3  monies, all in an amount to be proven at trial.

4

5  **SEVENTH CLAIM FOR RELIEF**

6  **Unfair Business Practices**
   **(California Business & Professions Code §§ 17200-17208)**

7  (*for the California Class Only*)

8  123.    Representative Plaintiffs incorporate in this claim for relief each and every allegation

9  of the preceding paragraphs, with the same force and effect as though fully set forth herein.

10  124.    Representative Plaintiffs bring this claim seeking equitable and injunctive relief to

11  stop Defendants' misconduct, as complained of herein, and to seek restitution of the amounts

12  Defendants acquired through the unfair, unlawful, and fraudulent business practices described

13  herein.

14  125.    Defendants' knowing conduct, as alleged herein, constitutes an "unfair" and/or

15  "fraudulent" business practice, as set forth in California Business & Professions Code §§ 17200-

16  17208. Plaintiffs also assert a violation of public policy by Defendants by withholding material facts

17  from consumers.

18  126.    Defendants' conduct was and continues to be fraudulent, because directly or through

19  its agents and employees, Defendants made false representations to Representative Plaintiffs and

20  members of the California Class that were likely to deceive them. These false representations (i.e.

21  the labeling of the Products as "All Natural") are and were likely to deceive reasonable California

22  purchasers, such as the Representative Plaintiffs and members of the California Class, into

23  purchasing the Products.

24  127.    There were reasonable alternatives available to Defendants to further Defendants'

25  legitimate business interests other than the conduct described herein.

26  128.    Defendants' misrepresentations of material facts, as set forth herein, also constitute an

27  "unlawful" practice because they, *inter alia*, violate California Civil Code §§ 1572, 1573, 1709,

28  1710, 1711 and 1770, as well as the common law. Further, Defendants' misrepresentations violate

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

California's Sherman Food, Drug, and Cosmetic Law ("Sherman Law") which provides (in Article 6, § 110660 thereof) that: "Any food is misbranded if its labeling is false or misleading in any particular."

129.    Finally, Defendants' conduct violates the FDA's policy concerning what is "natural," as set forth throughout this Complaint, although Representative Plaintiffs do not seek to enforce any of the state law claims raised herein so as to impose any standard of conduct that exceeds that which would violate the FDA policy concerning, or definitions of, what is "natural."

130.    Defendants' conduct in making the representations described herein constitute a knowing failure to adopt policies in accordance with and/or adherence to applicable laws, as set forth herein, all of which are binding upon and burdensome to its competitors. This conduct engenders an unfair competitive advantage for Whole Foods Defendants, thereby constituting an unfair business practice under California Business & Professions Code §§ 17200-17208.

131.    In addition, Defendants' conduct was, and continues to be, unfair, in that the injury to countless purchasers of the Products is substantial, and is not outweighed by any countervailing benefits to consumers or to competitors.

132.    Moreover, Representative Plaintiffs and members of the California Class could not have reasonably avoided such injury, given that Whole Foods Defendants failed to disclose the Products' true characteristics at any point. Representative Plaintiffs and members of the California Class purchased the Products in reliance on the representations made by Defendants, as alleged herein.

133.    Representative Plaintiffs and members of the California Class have been directly and proximately injured by Defendants' conduct in ways including, but not necessarily limited to, the money paid to Defendants for products that lack the characteristics advertised, interest lost on those monies, and their unwitting support of a business enterprise that promotes deception and undue greed to the detriment of health- and environmentally conscious consumers.

134.    As a result of the business acts and practices described above, Representative Plaintiffs and members of the California Class, pursuant to California Business and Professions

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

Code § 17203, are entitled to an Order enjoining such future wrongful conduct on the part of Defendants and such other Orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and to restore to any person in interest any money paid for the "All Natural" Products as a result of the wrongful conduct of Defendants.

135.   Defendants have clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to the Representative Plaintiffs and members of the California Class herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record.

### EIGHTH CLAIM FOR RELIEF
**Quasi-Contract/Unjust Enrichment**
*(for the California and Western Pacific Classes)*

136.   Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

137.   As alleged herein, Defendants intentionally and/or recklessly made false representations to Representative Plaintiffs and members of both Classes to induce them to purchase the Products. Representative Plaintiffs and members of both Classes reasonably relied on these false representations when purchasing the Products.

138.   Representative Plaintiffs and members of both Classes did not receive all of the benefits promised by Defendants, and paid more to Defendants for the Products than they otherwise would and/or should have paid.

139.   Whole Foods Defendants' conduct in enticing Representative Plaintiffs and members of both Classes to purchase Defendants' Products through false and misleading packaging, as described in this Complaint, is unlawful because the statements contained on the Product labels are untrue. Whole Foods Defendants took monies from Representative Plaintiffs and members of both Classes for products promised to be "All Natural," even though the Products were not "All Natural" as detailed in this Complaint. Whole Foods Defendants have been unjustly enriched at the expense of Representative Plaintiffs and members of both Classes as a result of the unlawful conduct alleged

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

herein, thereby creating a quasi-contractual obligation on Whole Foods to restore these ill gotten gains to Representative Plaintiffs and member of both Classes.

140.    It would be inequitable and unconscionable for Defendants to retain the profit, benefit and/or other compensation obtained from its deceptive, misleading, and unlawful conduct alleged herein.

141.    As a direct and proximate result of Whole Foods Defendants' unjust enrichment, Representative Plaintiffs and members of both Classes are entitled to restitution of, disgorgement of, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendants from the deceptive, misleading, and unlawful conduct as alleged herein.

## RELIEF SOUGHT

**WHEREFORE, the Representative Plaintiffs,** on behalf of themselves and each of the proposed **Plaintiff Classes**, pray for judgment and the following specific relief against **Defendants**, as follows:

1.    That the Court declare, adjudge and decree that this action is a proper class action and certify each of the proposed classes and/or any other appropriate subclasses under F.R.C.P. Rule 23(b)1, (b)(2) and/or (b)(3);

2.    That  Whole Foods Defendants are found to have violated California Business & Professions Code § 17200, *et seq*. and § 17500, *et seq*. and California Civil Code § 1750, *et seq*. and § 1790, *et seq*. as to the Representative Plaintiffs and Class Members;

3.    That  Whole Foods Defendants be found to have breached their contracts with Representative Plaintiffs and members of both Classes;

4.    That the Court further enjoin Defendants, ordering it to cease and desist from unlawful activities in further violation of California Business and Professions Code § 17200, *et seq.*;

5.    For a preliminary and permanent injunction enjoining Defendants from advertising, representing, or otherwise holding out for sale within the United States of America, any products which contain Sodium Acid Pyrophosphate (also known as Disodium dihydrogen pyrophosphate) as being "All Natural";

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

6.      For an Order requiring Defendants to provide a form of corrective advertising to correct the misrepresentations, misstatements and omissions made in the marketing, advertising, packaging and other promotional materials related to its "All Natural" Products;

7.      For an award of restitution and disgorgement of Defendants' excessive and ill gotten revenues to Representative Plaintiffs and member of the California Class;

8.      For an order requiring an accounting for, and imposition of a constructive trust upon, all monies received by Whole Foods Defendants as a result of the unfair, misleading, fraudulent and unlawful conduct alleged herein;

9.      For an award to Representative Plaintiffs and members of both Classes of compensatory damages in amount to be proven at trial;

10.     For pre- and post-judgment interest on the amount of any and all economic losses, at the prevailing legal rate;

11.     For an award to Plaintiff and both Classes of punitive and/or exemplary damages;

12.     For reasonable attorneys' fees, pursuant to California Code of Civil Procedure § 1021.5 and/or California Civil Code §§ 1780(d) and 1794(d);

13.     For costs of suit and any and all other such relief as the Court deems just and proper; and

14.     For all other Orders, findings and determinations identified and sought in this Complaint.

## JURY DEMAND

Representative Plaintiffs and members of each of the Classes hereby demand trial by jury on all issues triable of right by jury.

Dated: January 22, 2014                    **SCOTT COLE & ASSOCIATES, APC**


By:   /s/ Courtland W. Creekmore
      Courtland W. Creekmore, Esq.
      Attorneys for Representative Plaintiffs
      and the Plaintiff Classes